**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHARONA DONALDSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   22-3815 (RC) |
| | : | |
| v. | : | Re Document No.:   6 |
| | : | |
| KAISER FOUNDATION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC., | : : : | |
| | : | |
| Defendant. | : | |

## ORDER

### GRANTING DEFENDANT'S MOTION TO DISMISS

### I.  INTRODUCTION

Plaintiff Sharona Donaldson alleges that Defendant Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc. violated the District of Columbia Human Rights Act ("DCHRA") by creating a hostile work environment and wrongfully terminating Plaintiff because of her age. *See* Compl. at 5–6, ECF No. 1-1.  Defendant filed a motion to dismiss contending that Plaintiff failed to state a claim because she did not timely file her lawsuit under D.C. Code § 2-1403.16. *See* Def.'s Mem. in Support of Def.'s Mot. to Dismiss ("Def.'s Mot.") at 4, ECF No. 6-1.  For the reasons detailed below, the Court finds that Plaintiff did not timely file her DCHRA claim and therefore grants Defendant's Motion to Dismiss.

### II.  FACTUAL BACKGROUND

Plaintiff began working for Defendant in April 2011 as a "registered Peritoneal Dialysis nurse" in Defendant's nephrology department.  Compl. ¶ 8.  Prior to 2019, Plaintiff never received any write-ups, disciplinary actions, or complaints from Defendant.  *Id.* ¶ 7.  On June 18,

2020, however, Defendant terminated Plaintiff's employment, explaining that its decision was due to Plaintiff's "(1) failure to communicate with interdisciplinary P[eritoneal] D[ialysis] team, (2) failure to document clinical interaction in medical records, and (3) practicing outside of scope as a Registered Nurse." *Id.* ¶¶ 21, 22.

After Plaintiff's employment was terminated, it appears that she filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") on April 20, 2021. *See* Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 1, ECF No. 9. The EEOC's investigation of Plaintiff's claims was complete "on or around" August 3, 2022. *Id.* On November 2, 2022, Plaintiff filed a Complaint with the Superior Court of the District of Columbia. *See* Def.'s Not. of Rem. at 1, ECF No. 1. In her Complaint, Plaintiff alleged that Defendant violated the DCHRA by creating a hostile work environment and terminating Plaintiff because of her age. *See* Compl. ¶¶ 30–33. Defendant removed the action to this Court. *See* Def.'s Not. of Rem. at 1. Defendant now moves this Court to dismiss the Complaint because Plaintiff's DCHRA claims are untimely. *See* Def.'s Mot. at 1.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must "state a claim upon which relief can be granted" to survive a motion to dismiss. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. The Court neither must accept a plaintiff's legal conclusions as true, *see id.*, nor must presume the veracity of the legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555. "In ruling on a Rule 12(b)(6) motion grounded in a statute of limitations defense, a court must accept the well-pleaded allegations in the complaint as true and determine whether the plaintiff has plausibly alleged a claim that is not time-barred." *Washington Metro. Area Transit Auth. v. Ark Union Station, Inc.*, 268 F. Supp. 3d 196, 204 (D.D.C. 2017).

## IV.  ANALYSIS

Plaintiff contends that because she filed a complaint with the EEOC, her DCHRA claims are timely. *See* Pl.'s Opp'n. at 1. Plaintiff first mentions that she filed a complaint with the EEOC in her opposition brief, however. *See id.* Defendant argues that Plaintiff is "improperly ask[ing] this Court to consider information outside of [Plaintiff's] Complaint in deciding [Defendant's] Motion to Dismiss." *See* Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Def.'s Reply") at 1, ECF No. 10. The Court agrees. It is settled law in the D.C. Circuit that a court ruling on a motion to dismiss will not consider factual allegations that a plaintiff introduces in an opposition brief. *See Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec.*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020) (rejecting a plaintiff's argument in an opposition brief because the complaint contained no factual allegation critical to the opposition brief's argument); *Perkins v. Vance-Cooks*, 886 F. Supp. 2d 22, 29 n.5 (D.D.C. 2012) (noting that a plaintiff's inability to raise new factual allegations in an opposition brief is "settled law" in the D.C. Circuit); *see also Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (observing that if

courts accepted new factual assertions in opposition briefs, plaintiffs would be able to amend complaints "simply by raising a point in a brief"). Because Plaintiff's Complaint did not plead that she originally filed administrative claims with the EEOC on April 20, 2021, the Court need not consider facts about her EEOC filing when ruling on Defendant's Motion to Dismiss. In any event, Plaintiff's argument about the statute of limitations fails on the merits, as explained below.

Even if the Complaint did adequately plead that Plaintiff filed administrative claims with the EEOC, Plaintiff's DCHRA claims are still untimely. To determine whether Plaintiff's claims are time-barred, the Court considers several important dates: June 18, 2020, the day of the alleged DCHRA violations; April 20, 2021, the day Plaintiff filed a complaint with the EEOC; August 3, 2022, the day the EEOC concluded its investigation of Plaintiff's claim; and November 2, 2022, the day Plaintiff filed suit in the D.C. Superior Court. *See* Compl. ¶¶ 21–23; Pl.'s Opp'n at 1.

The DCHRA provides that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" shall commence "[a] private cause of action . . . within one year of the unlawful discriminatory act." D.C. Code § 2-1403.16. Plaintiff contends that "because [she] filed her complaint with the EEOC on April 20, 2021, she was within the statutory [one]-year requirement under D.C. Code § 2-1403.16." Pl.'s Opp'n at 1. But Plaintiff improperly believes that filing with the EEOC *fulfills* the DCHRA statute of limitations, when in reality filing with the EEOC only *tolls* the DCHRA statute of limitations. *See Jaiyeola v. District of Columbia*, 40 A.3d 356, 369 (D.C. 2012) (holding that the DCHRA statute of limitations is tolled by "the timely filing of a complaint with the EEOC" because the EEOC and D.C. Office of Human Rights have a "worksharing" agreement, and "resumes . . . when the EEOC . . . issues a right-to-

4

sue letter"). So Plaintiff did not satisfy the DCHRA statute of limitations simply by filing her claims with the EEOC.

Plaintiff erroneously asserts that once the EEOC concluded its investigation, she had an additional 90 days to file her DCHRA claim in court. *See* Pl.'s Opp'n at 1. The 90-day provision applies to certain *federal* discrimination claims under laws like Title VII. *See, e.g.*, 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 524 (D.C. Cir. 2019) (noting that "[u]nder the ADA, [a plaintiff] ha[s] ninety days . . . to file a complaint in court" after the EEOC issues a right-to-sue notice, whereas "[u]nder the DCHRA, [a] plaintiff ha[s] one year from the occurrence of the unlawful discriminatory practice to bring suit [in court]") (cleaned up). Because Plaintiff brought her claims solely under the DCHRA, which requires her to file her claims in court within one year of Defendant's alleged discriminatory practice, *see* D.C. Code § 2-1403.16, Plaintiff cannot avail herself of an additional 90 days to file.[1]

Thus, the proper inquiry in this case is the amount of time that elapsed between the alleged unlawful discriminatory act and Plaintiff's EEOC filing, *plus* the time between the EEOC's conclusion of its investigation and when Plaintiff brought her claim to court. *See, e.g.*, *Smith v. Salon*, No. 18-cv-2532, 2020 WL 1429939, at *4 (D.D.C. Mar. 24, 2020) (determining that how much time the plaintiff had to file his DCHRA claim in court was based on how much of the statute of limitations period had already passed before the plaintiff filed his administrative complaint with the EEOC). Because Defendant's alleged violations of the DCHRA occurred on June 18, 2020, and Plaintiff filed a complaint with the EEOC on April 20, 2021, the statute of

---

[1] The Court notes that even if Plaintiff were able to avail herself of 90 extra days, Plaintiff's claim would still be untimely because from August 3, 2022, to November 2, 2022, 91 days passed.

5

limitations for Plaintiff's claims initially ran for 306 days. The EEOC concluded its investigation "on or around" August 3, 2022. *See* Pl.'s Opp'n at 1. Plaintiff filed her claim with the D.C. Superior Court on November 2, 2022, 91 days after the EEOC concluded its investigation. Adding 306 days to 91 days, the Court finds that 397 non-tolled days passed before Plaintiff filed her claims in "a court of competent jurisdiction." *See* D.C. Code 2-1403.16. Because Plaintiff did not file her DCHRA claims within 365 days pursuant to D.C. Code § 2-1403.16, Plaintiff's claims are untimely. This Court will therefore grant Defendant's Motion to Dismiss with prejudice. It is hereby:

**ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED.** The Complaint is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

Dated: June 9, 2023                                                                RUDOLPH CONTRERAS
                                                                                              United States District Judge